VICTORSON v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. CARRIERS (§ 284*)—INJURIES TO PASSENGER—LIABILITY—ACTS OF FELLOW PASSENGER.

A rapid transit company is not liable for injuries sustained by a passenger from a fellow passenger jumping over the gate of its closed car and striking her, unless such act could reasonably have been anticipated by its employés.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1125, 1127–1135, 1173, 1222; Dec. Dig. § 284.*]

2. CARRIERS (§ 321*)—INJURIES TO PASSENGER—LIABILITY.

In an action against a carrier for injuries to a passenger from the act of a fellow passenger, an instruction that it was the carrier's duty to carry the passenger safely, thus making it an insurer of the passenger's safety, and withdrawing the question of negligence from the jury, was erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Anna Victorson against Interborough Rapid Transit Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

James L. Quackenbuch, of New York City (Bayard H. Ames, and Walter Henry Wood, both of New York City, of counsel), for appellant.

M. Casewell Heine, of New York City, for respondent.

SEABURY, J. This is an action to recover damages for personal injuries. Plaintiff was a passenger upon one of the defendant's cars, and claimed to have been injured by a fellow passenger, who, she claimed, jumped over the closed gate of the car at the defendant's station at Twenty-Third street.

[1] The contention of the plaintiff is that, when this fellow passenger jumped over the gate, he struck her upon the left shoulder and arm, from which she claims to have suffered injuries, for which she seeks to recover in this action. The plaintiff seeks to hold the defendant for this accident upon the theory that the guard in the defendant's employ did not prevent the fellow passenger of the plaintiff from jumping over the gate. There is no evidence in the record to show that the defendant's servant had any reason to anticipate that the plaintiff's fellow passenger would attempt to jump over the closed gate, or that he saw the occurrence, or that it was within his power to prevent it. Under these circumstances, it seems to us that the evidence is insufficient to charge the defendant with negligence.

[2] We think, also, that the learned court below erred in charging the jury that the defendant was under the duty to carry the plaintiff safely. This charge held the defendant to be the insurer of the plaintiff's safety, and withdrew from the jury the question of the defendant's negligence. To this charge the defendant duly excepted. The learned court below also erred in refusing to charge the jury, as requested by the defendant:

"That if they find that the act of this passenger in jumping over the gate could not reasonably have been anticipated, then their verdict must be for the defendant."

We think the defendant was entitled to this charge, and that the failure of the court to so charge was prejudicial to the rights of the defendant. The record carries the burden of other errors, which, as the judgment must be reversed for the reasons stated, it it unnecessary to comment upon.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.